Paul GRIGLOCK, executor of the
estate of Sophie Griglock,
deceased, Petitioner,

v.

SECRETARY OF the DEPARTMENT
OF HEALTH AND HUMAN
SERVICES, Respondent.

No. 09–275V.

United States Court of Federal Claims.

Aug. 3, 2011.

**374**

Ronald C. Homer, Conway, Homer & Chin–Caplan, Boston, MA, for petitioner.

Voris E. Johnson, United States Department of Justice, Civil Division, Washington, DC, for respondent.

## OPINION AND ORDER

HODGES, Judge.

Petitioner seeks compensation for the vaccine-related injury and death of his mother, Sophie Griglock, pursuant to the National Childhood Vaccine Injury Act. *See* 42 U.S.C. §§ 300aa–10 to –34. The special master ruled that the estate was entitled to the vaccine death benefit provided for in section 300aa–15(a)(2), but rejected the claim for injury benefits because it was filed after the applicable statute of limitations had run. We affirm the special master's ruling for the reasons set forth below.

## BACKGROUND

Sophie Griglock received an influenza vaccine in October 2005. Just over a month later, she complained of her legs giving out and difficulty walking. She had a fall. Mrs. Griglock was admitted to a hospital where a neurologist thought she suffered from Guillain–Barré Syndrome. She received treatment, but never fully recovered. Mrs. Griglock passed away on May 11, 2007, of ventilator-dependant respiratory failure.

The estate filed a petition for compensation on April 30, 2009, then amended it on October 28, 2009. Respondent filed her response to the amended petition on December 28, 2009. The Government announced that it would not commit further resources to con-

test petitioner's entitlement to compensation, and recommended that the estate be awarded damages not to exceed the $250,000 pursuant to section 300aa–15(a)(2), the death benefit. Petitioner rejected the Government's recommendation, and filed a motion for damages. The March 2010 motion sought $250,000 for pain and suffering and $114,479.63 in past unreimbursable expenses, in addition to the full death benefit.

The Government asserts in its response to petitioner's motion for review that petitioner lacks standing as the executor of the estate to file a petition for compensation related to the injury. According to the respondent, the special master misinterpreted this claim. However, the Federal Circuit has stated that section 300aa–11(b)(1)(A), "plainly does not dictate that a properly filed petition by the estate of a person who suffered both vaccine-related injuries and a vaccine-related death (an thus had standing to file under § 300aa–11(b)(1)(A)) may not contain a request for any and all of the types of compensation listed in § 300aa–15(a)." *Zatuchni v. Sec'y of Health & Human Servs.*, 516 F.3d 1312, 1321 (2008).

The Vaccine Act includes three periods of limitation on actions. *See* § 300aa–16(a). All limitations periods relate to vaccines set forth in the Vaccine Injury Table.[1] Sections 300aa–16(a)(2) and (3) are the provisions that apply in this case:

> (a)(2) ... if a vaccine-related injury occurred as a result of the administration of such vaccine, no petition may be filed for compensation under the Program for such injury after the expiration of 36 months after the date of the occurrence of the first symptom or manifestation of onset or of the significant aggravation of such injury, and
>
> (3) ... if a death occurred as a result of the administration of such vaccine, no petition may be filed for compensation under the Program for such death after the expiration of 24 months from the date of the death and no such petition may be filed more than 48 months after the date of the

---

1. The first statute of limitations period refers to vaccines administered before October 1, 1988.

§ 300aa–16(a)(1). This section is inapplicable to the case under review.

occurrence of the first symptom or manifestation of onset or of the significant aggravation of the injury from which the death resulted.

§ 300aa–16(a)(2), (3).

Section 300aa–15(a) states that compensation "for a vaccine-related injury or death associated with the administration of a vaccine" includes the following:

(1)(B) Subject to section 300aa–16(a)(2) of this title, actual unreimbursable expenses incurred before the date of the judgment awarding such expenses which . . . resulted from the vaccine-related injury for which the petitioner seeks compensation . . .

(2) In the event of a vaccine-related death, an award of $250,000 for the estate of the deceased.

(3)(A) In the case of any person who has sustained a vaccine-related injury . . . compensation for actual and anticipated loss of earnings. . . .

[. . .]

(4) For actual and projected pain and suffering and emotional distress from the vaccine-related injury, an award not to exceed $250,000.

§ 300aa–15(a).

## THE SPECIAL MASTER'S RULING

This court reviews the special master's findings of fact according to the "arbitrary and capricious" standard set forth in the Vaccine Act; we review legal conclusions *de novo*. § 300aa–12(e)(2)(B); *see Munn v. Sec'y of Health & Human Servs.*, 970 F.2d 863, 870 n. 10 (Fed.Cir.1992). We consider petitioner's arguments according to these standards.

Compensation may be awarded for a vaccine-related injury or death if a petitioner first satisfies the filing period set forth in section 300aa–16(a). The estate filed a timely petition for the death benefit in this case, but a claim for injury compensation was not filed within the statute, or at any other time before Mrs. Griglock's death in May 2007. *See* § 300aa–16(a)(2), (3).

A petitioner must satisfy both periods of limitation to recover for injury benefits and the death benefit. The estate satisfied only the statute of limitations period for compensation for vaccine-related death, so it was entitled to the $250,000 death benefit alone; none is available under law for Mrs. Griglock's injuries, according to the special master.

The special master distinguished the only case that could be considered instructive for this one. *See Zatuchni*, 516 F.3d 1312. The effect of the Federal Circuit's opinion in that case was to reject the Government's argument that the same petitioner may not obtain compensation under the Vaccine Act for both vaccine-related injuries and vaccine-related death. In that case, however, the petitioner made timely claims under both statutes of limitation in the Vaccine Act. This petitioner made no claim at all for vaccine-related injuries during her lifetime.

The special master discussed *Zatuchni* at some length, and made valid distinctions between that case and this one. He acknowledged the Federal Circuit's reasoning with respect to standing and allowable compensation, noting that death and injury compensation are not exclusive types of compensation. *Griglock v. Sec'y of Health & Human Servs.*, No. 09–275V, 2011 WL 839738, at *7 (Fed.Cl. Feb. 11, 2011). The special master emphasized that the statute of limitations issues present in this case were not at issue in *Zatuchni*, and showed that the limitations section dictates separate and distinct limitations for injury and death compensation. *Id.* at *8. According to the special master, a plain language reading dictates that the "[f]iling [of] a timely petition for a death benefit cannot convert an otherwise untimely injury claim into a timely event." *Id.* He noted, "had Sophie not tragically passed away, her claim for vaccine-related injury compensation would have been barred as it was not filed by November 24, 2008." *Id.* at *2.

## ARGUMENTS

Petitioner contends that the special master erred by restricting recovery to the $250,000 death benefit. A properly filed petition entitles a claimant to all applicable forms of compensation set forth in section 300aa–

15(a), according to petitioner. Because the estate properly filed pursuant to section 300aa–16(a)(3), petitioner is entitled to compensation set forth in section 300aa–15(a)(1), (2), and (4). Petitioner addresses the language in section 300aa–15(a)(1)(B), "subject to section 300aa–16(a)(2)" by stating that the language is inapplicable here because the petition was timely filed pursuant to section 16(a)(3).

The estate cites and discusses the Federal Circuit decision mentioned previously. *See Zatuchni*, 516 F.3d 1312. Petitioner there sought compensation for injuries arising out of a measles, mumps and rubella vaccine. Petitioner filed originally within the thirty-six month period for injury compensation. During a lengthy time during which the petition was pending, petitioner died of vaccine-related causes. Her estate substituted itself as petitioner. The estate then claimed compensation for injuries and death under the Act. The Federal Circuit held that "a petitioner who has suffered a vaccine-related injury and dies from vaccine-related causes while her petition for compensation under § 300aa–15(a) is pending may recover, in addition to the death benefit provided under § 300aa–15(a)(2), compensation under subsections (a)(1), (3) and (4)." *Id.* at 1318. The court explained,

> the fact that a vaccine-related death followed a vaccine-related injury in a particular case does not alter the fact that certain expenses were incurred, wages lost, or pain and suffering endured in the interim, and these damages are no less related to or caused by a vaccine-related injury within the meaning of subsections (a)(1), (3), and (4) simply because the vaccine-injured person in question is no longer living. Thus, it is in no way inconsistent with the text of 42 U.S.C. § 300aa–15(a) to award compensation under subsections (a)(1), (3), and (4) for damages that "resulted from" or were sustained "by reason of" a vaccine-related injury in addition to the death benefit provided for under subsection (a)(2) "[i]n the event of a vaccine-related death."

*Id.* at 1318–19 (citations omitted).

## DISCUSSION

■ The Vaccine Act seems to suggest that injury and death are to be considered separately, each with its own applicable limitations period. *See* § 300aa–16(a)(2), (3). However, Section 300aa–15(a) summarizes compensation available for injury *or* death. Death and injury are lumped together in this section, giving petitioner an argument that once a party is admitted to the jurisdiction of this court, he or she is entitled to all the benefits the Act provides. The presence of the phrase, "subject to section 300aa–16(a)(2)," in one part of the compensation section allows the Government to argue that section 300aa–15(a) is only a summary of all benefits under the Vaccine Act, and the reference to section 16(a)(2) makes clear the Act's intent: petitioner must meet the requirements for filing each type of damage according to its own limitations.

■ Section 16(a) could be viewed as a threshold filing requirement—*i.e.*, if a petitioner satisfies subsections (1), (2), *or* (3), the petition is properly filed. Then, a properly filed petition would entitle a petitioner to all forms of available compensation set forth in section 300aa–15. This might be a reasonable interpretation because the Federal Circuit held that injury and death compensation are not mutually exclusive. *Zatuchni*, 516 F.3d at 1318. Furthermore, the policy of the Vaccine Act is to provide generous compensation to rightful claimants, as the estate points out. *See Bruesewitz v. Wyeth LLC*, —— U.S. ——, 131 S.Ct. 1068, 1084, 179 L.Ed.2d 1 (2011) ("Congress sought to provide generous compensation to those whom vaccines injured.").

■ The first rule of statutory construction requires that a court look to the plain meaning of the Act. *See Johns–Manville Corp. v. United States*, 855 F.2d 1556, 1559 (Fed.Cir.1988) ("[A]bsent a very clear legislative intent, the plain meaning [of the statute] will prevail."). Section 16(a) of the Vaccine Act provides distinct filing periods for injury and death. § 300aa–16(a). Petitioner did not file within the thirty-six month filing period for injuries set forth in section 300aa–16(a)(2). The law extinguished her claim for injuries then. Petitioner's argument must be

that Mrs. Griglock's death resuscitated the injury claim by giving it a new period of limitations in which to operate. However, the statute's plain and logical meaning dictates that the new period apply only to the death benefit claim.

█ A statute should be interpreted so that no part of its provisions is rendered meaningless, if possible. *See Forest Grove Sch. Dist. v. T.A.*, 557 U.S. 230, 129 S.Ct. 2484, 2499, 174 L.Ed.2d 168 (2009) ("A statute should be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void or insignificant ...." (quoting *Corley v. United States*, 556 U.S. 303, 129 S.Ct. 1558, 1560, 173 L.Ed.2d 443 (2009))). The effect of petitioner's argument is to render the Vaccine Act's limitation on claims for injuries irrelevant where a claimant dies from his or her vaccine-related injury. Claimants who die would always be allowed a claim for injuries as well, so long as they met the new limitation on claims for death benefits. This result renders meaningless the Vaccine Act's statute of limitations for claims that petitioner's injuries were vaccine-related.

*Zatuchni* is instructive, but it did not involve the most vexing issue here: the untimely filing of a petition under section 16(a)(2) and its effect on compensation. *See Zatuchni*, 516 F.3d 1312. The Federal Circuit made clear that compensation for injury and death are not mutually exclusive, but this reasoning was applied where both statutes of limitation were satisfied. *Id.* at 1318. While excerpts of the Federal Circuit's opinion may seem to lend support to petitioner's argument, neither the decision nor the court's reasoning requires a different result here.

### CONCLUSION

The Court of Appeals for the Federal Circuit noted in *Zatuchni* that the Vaccine Act "contains several limitations and trade-offs that restrict recovery, including the statute of limitations...."[2] *Zatuchni*, 516 F.3d at 1322. This is a recognition that while the

Vaccine Act emphasizes generosity to claimants, the Act also provides limitations on that generosity.

The controlling issue in this case calls for a sort of balancing, where the Vaccine Act's policy of generosity in deciding compensation for claimants sits to one side; and the court's duty to interpret statutes according to established principles of construction sits on the other. A ruling that petitioner may receive a death benefit capped at $250,000, then adding another $250,000 or more for injuries not claimed prior to her death, would take the Vaccine Program beyond generosity. Allowing her estate to recover both injury and death compensation with a filing pursuant to section 300aa–16(a)(3) would give no effect to the limiting statutory language set forth in section 300aa–16(a)(2).

Petitioner's request for compensation beyond the death benefit must be denied. The ruling of the special master is AFFIRMED. Petitioner's motion for review is DENIED. The Clerk will dismiss petitioner's motion for review and enter judgment in accordance with the special master's decision of February 11, 2011. No costs.

---

2. Other limitations mentioned by the court were certain filing requirements, the single petition rule, the limitation on the number of pre-Act petitions for which compensation may be award-

ed, and limits on the amount of compensation that may be paid under certain sections of the law. *See Zatuchni,* 516 F.3d at 1322.