# United States Court of Appeals for the Federal Circuit

---

**PAUL GRIGLOCK, EXECUTOR OF THE ESTATE OF, SOPHIE GRIGLOCK, DECEASED,**
*Petitioner-Appellant,*

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES,**
*Respondent-Appellee.*

---

2011-5134

---

Appeal from the United States Court of Federal Claims in Case No. 99-VV-275, Senior Judge Robert H. Hodges, Jr.

---

Decided: August 10, 2012

---

AMY J. FASHANO, Conway, Homer & Chin-Caplan, P.C., of Boston, Massachusetts, argued for petitioner-appellant. On the brief was RONALD C. HOMER.

VORIS E. JOHNSON, JR., Trial Attorney, Torts Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent-appellee. With him on the brief were TONY WEST, Assistant Attorney General, MARK W. ROGERS, Acting Director, VINCENT J.

MATANOSKI, Acting Deputy Director, and CATHARINE E. REEVES, Assistant Director.

---

Before RADER, *Chief Judge*, LOURIE, and WALLACH, *Circuit Judges*.

WALLACH, *Circuit Judge*.

Sophie Griglock's estate appeals a decision for compensation under the Vaccine Act, 42 U.S.C. §§ 300aa-1 to - 34 (2006).  The Special Master determined that Ms. Griglock's death was caused by an influenza vaccination, that her estate had standing to petition for injury compensation, but that entitlement was limited to death benefits because injury benefits were barred by the applicable statute of limitations.  The Court of Federal Claims ("Claims Court") affirmed the decision and denied the Griglock estate's petition for review. *See Griglock v. Sec'y of Health & Human Servs.*, 99 Fed. Cl. 373, 377 (2011). We *affirm*.

## BACKGROUND

The Vaccine Act established a program to increase the safety and availability of vaccines, and through the Vaccine Injury Compensation Program claimants may get compensation for vaccine-related injuries or death. *See* 42 U.S.C. §§ 300aa-1, 300aa-10(a).  The relevant compensation provisions provide:

(a) General rule

Compensation awarded under the Program to a petitioner under section 300aa-11 of this title for a vaccine-related injury or death associated with the administration of a vaccine after October 1, 1988, shall include the following:

. . . .

> [(1)](B) Subject to *section 300aa-16(a)(2)* of this title, actual unreimbursable expenses incurred before the date of the judgment awarding such expenses which—
>
>> (i) resulted from the vaccine-related injury for which the petitioner seeks compensation . . .
>
> (2) In the event of a vaccine-related death, an award of $250,000 for the estate of the deceased.
>
>> . . . .
>
> (4) For actual and projected pain and suffering and emotional distress from the vaccine-related injury, an award not to exceed $250,000.

42 U.S.C. § 300aa-15(a) (emphasis added). The program also limits the period during which a petitioner may file for compensation; those relevant to this case are:

> [(a)](2) . . . if a vaccine-related injury occurred as a result of the administration of such vaccine, no petition may be filed for compensation under the Program for such injury after the expiration of 36 months after the date of occurrence of the first symptom or manifestation of onset or of the significant aggravation of such injury, and
>
> (3) . . . if a death occurred as a result of the administration of such vaccine, no petition may be filed for compensation under the Program for such death after the expiration of 24 months from the date of the death and no such petition may be filed more than 48 months after the date of the oc-

currence of the first symptom or manifestation of onset or of the significant aggravation of the injury from which the death resulted.

42 U.S.C. §§ 300aa-16.

Ms. Griglock, a seventy-year-old retired woman, received an influenza vaccination on October 6, 2005. *See Griglock v. Sec'y of Health & Human Servs.*, No. 09-275B, 2011 WL 839738, at *1 (Fed. Cl. Feb. 11, 2011) ("Special Master's Decision"). She went to her doctor on November 23, 2005, complaining of weakness, and was admitted to the hospital that day. Her treating neurologist determined that she suffered from Guillain-Barré Syndrome ("GBS"). After treatment she improved initially, but shortly thereafter she developed respiratory failure and was placed on a ventilator. Ms. Griglock passed away on May 11, 2007; her death certificate lists "ventilator-dependent respiratory failure due to GBS" as the immediate cause of death.

Her estate filed a petition for compensation on April 30, 2009. The Secretary of Health and Human Services ("Government") responded that there was insufficient evidence to find that the influenza vaccine Ms. Griglock received on October 6, 2005 caused her GBS and subsequent GBS-related death. However, the Government stated it would not contest the issue further and recommended an award of up to $250,000 as a death benefit under § 300aa-15(a)(2). The estate then filed a Motion for Damages claiming entitlement for unreimbursable medical expenses under § 300aa-15(a)(1)(B) and for pain and suffering under § 300aa-15(a)(4).

The Special Master determined that the vaccination caused Ms. Griglock's GBS and GBS-related death. Furthermore, the Special Master determined that the estate had standing to petition for injury compensation,

but that entitlement was limited to death benefits because injury benefits were barred by the applicable statute of limitation under § 300aa-16(a)(2).

The estate petitioned for review seeking compensation not only for death benefits under § 300aa-15(a)(2), but also for injury benefits under § 300aa-15(a)(1)(B) and § 300aa-15(a)(4). The Claims Court looked at the plain meaning of the Vaccine Act and determined that § 300aa-16(a) provided distinct filing periods for injury and for death compensation. Because the estate did not file within the thirty-six month filing period set forth for injury benefits in § 300aa-16(a)(2), the claims for injury compensation were barred. The Claims Court reasoned that "[a]llowing [the] estate to recover both injury and death compensation with a filing pursuant to section 300aa-16(a)(3) would give no effect to the limiting statutory language set forth in section 300aa-16(a)(2)." *Griglock*, 99 Fed. Cl. at 377. As a result, the Claims Court recognized "that while the Vaccine Act emphasizes generosity to claimants, the Act also provides limitations on that generosity." *Id.* The Claims Court affirmed the Special Master's Decision and denied the estate's petition for review. The estate filed a timely appeal. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3) and 42 U.S.C. § 300aa-12(f).

## DISCUSSION

"We review an appeal from the Court of Federal Claims in a Vaccine Act case *de novo*, applying the same standard of review as the Court of Federal Claims applied to its review of the special master's decision." *Broekelschen v. Sec'y of Health & Human Servs.*, 618 F.3d 1339, 1345 (Fed. Cir. 2010). We give no deference to the Claims Court's or Special Master's determinations of law, but uphold the Special Master's findings of fact unless they

are arbitrary or capricious. *Id.* Accordingly, we review questions of statutory interpretation *de novo*, and give deference to the Special Master's findings of facts. *Id.* "Thus, although we are reviewing as a matter of law the decision of the Court of Federal Claims under a non-deferential standard, we are in effect reviewing the decision of the Special Master under the deferential arbitrary and capricious standard on factual issues . . . ." *Lampe v. Sec'y of Health & Human Servs.*, 219 F.3d 1357, 1369 (Fed. Cir. 2000).

As an initial matter, the Government argues that the estate lacks standing to file a petition for compensation related to Ms. Griglock's injury. Specifically, the Government contends that the plain language of the statute states that only the vaccine-injured person has standing to file a petition for compensation for injury and their estate only has standing to file a petition for compensation for their vaccine-related death. However, § 300aa-11(b)(1)(A) makes no such distinction and only indicates who may file a petition: "any person who has sustained a vaccine-related injury . . . or the legal representative of any person who died as a result of the administration of a vaccine set forth in the Vaccine Injury Table may . . . file a petition for compensation under the Program." 42 U.S.C. § 300aa-11(b)(1)(A). As this court previously stated "this provision . . . plainly does not dictate that a *properly filed petition* by the estate of a person who suffered both vaccine-related injuries and a vaccine-related death (and thus had standing to file under § 300aa-11(b)(1)(A)) may not contain a request for any and all of the types of compensation listed in § 300aa-15(a)." *Zatuchni v. Sec'y of Health & Human Servs.*, 516 F.3d 1312, 1321 (Fed. Cir. 2008) (emphasis added). The estate has standing to file a petition for compensation as the legal representative of a person who died as a result of the administration of a

vaccine. Thus, we next determine to what compensation the estate is entitled.

The estate argues that when a petition is properly filed in accordance with § 300aa-16(a)(3), the petitioner is entitled to all benefits provided by § 300aa-15(a), given that death benefits are provided as one of several types of compensation available. The Special Master disagreed, reasoning that although § 300aa-11 and § 300aa-15 refer to both death benefits and injury benefits, making neither exclusive of the other, § 300aa-16 clearly delineates statutes of limitations applicable to each separately. Thus, "[f]iling a timely petition for a death benefit cannot convert an otherwise untimely injury claim into a timely event." *Special Master's Decision*, at *8. The Claims Court further explained why the estate's interpretation was incorrect, stating that

> The effect of [the estate's] argument is to render the Vaccine Act's limitation on the claims for injuries irrelevant where a claimant dies from his or her vaccine-related injury. Claimants who die would always be allowed a claim for injuries as well, so long as they met the new limitation on claims for death benefits. This result renders meaningless the Vaccine Act's statute of limitations for claims that petitioner's injuries were vaccine-related.

*Griglock*, 99 Fed. Cl. at 377.

This court previously stated that when petitions are properly filed a "petitioner may receive the compensation for medical expenses, lost wages, and pain and suffering . . . in addition to the $250,000 death benefit." *Zatuchni*, 516 F.3d at 1315; *see id.* at 1321. But in *Zatuchni,* unlike here, petitioner had filed for injury compensation within the thirty-six-month time frame provided in § 300aa-

16(a)(2). *Id.* at 1314. Petitioner died from vaccine-related causes while her petition was pending and her estate was substituted in her place. Except under special circumstances such as where the statute of limitations is equitably tolled, *cf. Cloer v. Sec'y of Health & Human Servs.*, 654 F.3d 1322, 1343–44 (Fed. Cir. 2011) (en banc), to properly file for injury benefits a petition must be filed within thirty-six months; any indication in *Zatuchni* otherwise is dictum.

Indeed, looking at the plain meaning of the Vaccine Act, each section has a distinct purpose: § 300aa-11 provides who may file a petition for compensation; § 300aa-15 provides the types of compensation that may be awarded; and § 300aa-16 provides limitations upon when a petition may be filed. Accordingly, as this court noted in *Zatuchni*, the Vaccine Act "imposes firm deadlines for both the filing and resolution of petitions . . . . A petition . . . [for injury] must be filed within 36 months of the onset of symptoms; if a death occurred, a petition must be filed within 24 months of the death and no more than 48 months after the onset of symptoms." *Zatuchni*, 516 F.3d at 1316–17 (internal citation omitted). A petition for injury benefits, even if filed by the legal representative of a person who has died as a result of a vaccine, must be filed within the timeline provided for injury benefits under § 300aa-16(a)(2), as the statute specifically states "no petition may be filed for compensation under the Program for such injury after the expiration of 36 months." 42 U.S.C. § 300aa-16(a)(2).

The estate also contends that a reading of § 300aa-15 and § 300aa-16 together creates an ambiguity because only § 300aa-15(a)(1)(B) (for unreimbursable vaccine-related medical expenses) expressly states that its provisions are "[s]ubject to section 300aa-16(a)(2)." 42 U.S.C. § 300aa-15(a)(1)(B). We cannot agree because there is no

ambiguity in § 300aa-16. *See Brown v. Gardner*, 513 U.S. 115, 118 (1994) ("Ambiguity is a creature not of definitional possibilities but of statutory context . . . .") (internal citations omitted).    The § 300aa-16 creates separate limitations periods for petitions pertaining to compensation for injury benefits and for death benefits. To re-open the window of opportunity for compensation for injury because a petition for death benefits has been timely filed would render meaningless the statute of limitations specified in § 300aa-16(a)(2). *See Sharp v. United States*, 580 F.3d 1234, 1237 (Fed. Cir. 2009) ("Where the intent is unambiguously expressed by the plain meaning of the statutory text, we give effect to that clear language without rendering any portion of it meaningless.").

The timeline of relevant events is uncontested. Ms. Griglock's onset of GBS was evident at her doctor's visit on November 23, 2005, and she passed away on May 11, 2007. Therefore, the estate satisfied the requirements for a timely petition for death benefits under § 300aa-16(a)(3) by filing on April 30, 2009 (to satisfy both the twenty-four-month and forty-eight-month requirements the petition had to be filed by May 11, 2009). However, to fulfill the requirements under § 300aa-16(a)(2), a petition for vaccine-related injury compensation had to be filed by November 24, 2008, thirty-six months after the date of the onset of GBS. Accordingly, the estate's petition for vaccine-related injury is time barred. 42 U.S.C. § 300aa-16(a)(2).

The estate's overarching policy arguments are not availing. The estate avers that "the Program must be at least as generous as the outside civil system it seeks to replace."* The estate notes that this court has previously

---

\* The estate also argues that the Vaccine Act is a remedial insurance program, and not a waiver of sover-

stated "Congress found that the traditional tort system was not working for victims because it resulted in lengthy delays, high transaction costs, and sometimes no recovery." *Capizzano v. Sec'y of Health & Human Servs.*, 440 F.3d 1317, 1327 n.7 (Fed. Cir. 2006). However, the Vaccine Act itself shows that there are limitations to the generosity of the program. The Vaccine Program is more generous to petitioners than civil tort actions in some ways, *e.g.*, presumption of causation, less-adversarial proceedings, and relaxed rules of evidence. *See* 42 U.S.C. § 300aa-11(c)(1), § 300aa-12(d)(2)(A), § 300aa-12(d)(3)(B). Yet, there are limits under the Vaccine Act that do not apply in civil tort actions, including pain and suffering award limits of $250,000. *Id.* at § 300aa-15(a)(4). In *Zatuchni* this court recognized a number of "limitations and trade-offs that restrict recovery" under the Vaccine Act including: "the statute of limitations, the filing requirements of § 300aa-11, the single petition rule, the limitation on the number of pre-Act petitions for which compensation may be awarded, and limits on the amount of compensation that may be paid under certain subsec-

---

eign immunity. We do not agree. This court has "previously explained that the Vaccine Act's statute of limitations must be strictly and narrowly construed because it is 'a condition on the waiver of sovereign immunity by the United States, and courts should be careful not to interpret [a waiver] in a manner that would extend the waiver beyond that which Congress intended.'" *Markovich v. Sec'y of Health & Human Servs.*, 477 F.3d 1353, 1360 (Fed. Cir. 2007) (quoting *Brice v. Sec'y of Health & Human Servs.*, 240 F.3d 1367, 1370 (Fed. Cir. 2001), *overruled on other grounds by Cloer v. Sec'y of Health & Human Servs.*, 654 F.3d 1322 (Fed. Cir. 2011)). This argument need not be revisited. *See Wilkerson v. Sec'y of Health & Human Servs.*, 593 F.3d 1343, 1346 (Fed. Cir. 2010) (applying *Markovich* and dismissing the petition as untimely).

tions of § 300aa-15." *Zatuchni*, 516 F.3d at 1322. Thus, the Vaccine Act provides a generous compensation program, but with limits, including the statute of limitations, to that generosity.

CONCLUSION

For the above mentioned reasons, we *affirm*.

**AFFIRMED**

No costs.