NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**ANSEL WALTERS, SHAKIMA DAVIS-WALTERS, NATURAL PARENTS OF K.S.S.W., A MINOR,**
*Petitioners-Appellants*

**v.**

**SECRETARY OF HEALTH AND HUMAN SERVICES,**
*Respondent-Appellee*

_____

2023-2369

_____

Appeal from the United States Court of Federal Claims in No. 1:15-vv-01380-RAH, Judge Richard A. Hertling.

_____

Decided:  April 3, 2025

_____

PHYLLIS WIDMAN, Widman Law Firm, LLC, Linwood, NJ, argued for petitioners-appellants.

SARAH BLACK RIFKIN, Torts Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellee.  Also represented by BRIAN M. BOYNTON, C. SALVATORE D'ALESSIO, HEATHER LYNN PEARLMAN.

_____

Before CHEN, SCHALL, and STOLL, *Circuit Judges.*

SCHALL, *Circuit Judge.*

On November 16, 2015, Ansel Walters and Shakima Davis-Walters ("Petitioners") filed a claim under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act"). In their claim, they sought compensation for injuries allegedly suffered by their minor son K.S.S.W. as the result of the administration of a diphtheria, tetanus, acellular pertussis ("DTaP") vaccine on January 16, 2013. On April 18, 2023, the Special Master assigned to the case issued a decision denying entitlement to compensation. *Walters v. Sec'y of Health & Hum. Servs.*, No. 15-1380V, 2023 WL 3750716 (Fed. Cl. Sp. Mstr. April 18, 2023), J.A. 1–46. The Special Master found that Petitioners had failed to show by a preponderance of the evidence that K.S.S.W.'s present condition (seizures, developmental delays, and cortical visual impairment) was caused by the vaccine he received. J.A. 45. Petitioners timely moved for review of the Special Master's decision in the Court of Federal Claims. On July 31, 2023, the court affirmed the Special Master's decision. *Walters v. Sec'y of Health & Hum. Servs.*, No. 15-1380V, 2023 WL 5274006 (Fed. Cl. July 31, 2023), J.A. 48–61. Petitioners have timely appealed. We have jurisdiction pursuant to 42 U.S.C. § 300aa-12(f) and 28 U.S.C. § 1295(a)(3). For the reasons stated below, we *affirm*.

I

Under the Vaccine Act, there are two methods by which a petitioner may demonstrate eligibility for an award of compensation. First, a petitioner may show that he or she suffered a vaccine-specific injury listed on the Vaccine Injury Table within the requisite period of time set forth in the Table (a "Table injury"), such that causation is presumed. 42 U.S.C. § 300aa-11(c)(1)(C)(i); *see* 42 C.F.R. § 100.3 ("Vaccine [I]njury [T]able"). Second, a petitioner

may show that a non-Table injury was caused-in-fact by a vaccine listed on the Table ("actual causation" or "causation-in-fact"). *See* 42 U.S.C. § 300aa-11(c)(1)(C)(ii). Under either approach, the petitioner bears the burden of proving a *prima facie* case by a preponderance of the evidence. *See* 42 U.S.C. § 300aa-13(a)(1)(A).

In this case, Petitioners contend that K.S.S.W. suffered a non-Table injury that was caused-in-fact by a vaccine listed on the Table, specifically, the DTaP vaccine. Under these circumstances, Petitioners were required to prove each of three factors set forth in *Althen v. Secretary of Health and Human Services*, 418 F.3d 1274, 1278 (Fed. Cir. 2005). Those factors are:

> (1) a medical theory causally connecting the vaccination and the injury; (2) a logical sequence of cause and effect showing that the vaccination was the reason for the injury; and (3) a showing of a proximate temporal relationship between vaccination and injury.

*Id.*

In her decision, the Special Master found that Petitioners had failed to carry their burden of proof with respect to each of the three *Althen* factors. J.A. 36–45. Finding no error in that determination, the Court of Federal Claims affirmed. J.A. 54–61.

## II

Under the Vaccine Act, the Court of Federal Claims reviews the decision of the Special Master to determine if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 42 U.S.C. § 300aa-12(e)(2)(B); *Althen*, 418 F.3d at 1277. "In reviewing an appeal from a judgment of the Court of Federal Claims in a Vaccine Act case, we apply the same standard of review as the Court of Federal Claims applied to the [S]pecial [M]aster's decision." *Andreu ex rel. Andreu v. Sec'y of Health &*

*Hum. Servs.*, 569 F.3d 1367, 1373 (Fed. Cir. 2009); *see also Koehn ex rel. Koehn, Sec'y of Health & Hum. Servs.*, 773 F.3d 1239, 1243 (Fed. Cir. 2014). Although we review legal determinations without deference, we review findings of fact under the arbitrary and capricious standard. *Griglock v. Sec'y of Health & Hum. Servs.*, 687 F.3d 1371, 1374 (Fed. Cir. 2012); *see also Moberly ex rel Moberly v. Sec'y of Health & Hum. Servs.*, 592 F.3d 1315, 1321 (Fed. Cir. 2010).

## III

On appeal, Petitioners make two arguments. First, they acknowledge that, throughout the proceedings below, it was recognized that K.S.S.W. was born with chromosomal abnormalities. Pet'rs' Br. 13; Pet'rs' Reply Br. 2. They argue, however, that the Special Master erred because she impermissibly raised their burden of proof by requiring them to rule out K.S.S.W.'s genetic abnormalities as an alternate cause for his condition. Thus, they assert that "[f]rom the beginning of the case, it seemed that the Court considered that K.S.S.W.'s genetic abnormalities were the reason for his [condition] and therefore, did not require the government to prove this by preponderant evidence." Pet'rs' Br. 17. Petitioners contend that, under our precedent, they "were not required to prove that the DTaP vaccine caused K.S.S.W.'s injuries." *Id.* Instead, they argue, they "only needed to show that it was more likely than not that the vaccine caused [K.S.S.W.'s] injuries." *Id.* Petitioners correctly state what their burden of proof was. *See de Bazan v. Sec'y of Health & Hum. Servs.*, 539 F.3d 1347, 1351 (Fed. Cir. 2008) ("[T]he petitioner need not show that the vaccine was the sole or predominant cause of her injury, just that it was a substantial factor."). They inaccurately state what happened in their case, however.

Having reviewed the decision of the Special Master and the Court of Federal Claims, we have no difficulty concluding that Petitioners were not required to disprove an alternate theory of causation. Rather, based on the evidence

presented, including the evidence that K.S.S.W. possessed two chromosomal abnormalities known to cause neurological problems, the Special Master found that Petitioners had failed to prove that the DTaP vaccine was a substantial factor in causing K.S.S.W.'s condition. J.A. 39–40, 44–46; *see Shyface v. Sec'y of Health & Hum. Servs.*, 165 F.3d 1344, 1352 (Fed. Cir. 1999) (stating that, to prove non-Table injuries a petitioner must prove "by a preponderance of the evidence, that the vaccine was not only a but-for cause of the injury but also a substantial factor in bringing about the injury."). We also note that Petitioners themselves relied on K.S.S.W.'s dual abnormalities for their causation theory, which necessarily required the Special Master to make certain findings about K.S.S.W.'s abnormalities and their role in Petitioners' medical theory. *See Doe v. Sec'y of Health & Hum. Servs.*, 601 F.3d 1349, 1358 (Fed. Cir. 2010) ("[W]hen petitioners attempt to eliminate other possible causes to buttress their theory of causation, the special master should evaluate such evidence in determining whether a prima facie case has been established.").

Petitioners' second argument is that, in determining that Petitioners failed to carry their burden of proof with respect to the *Althen* factors, the Special Master made findings of fact that were arbitrary and capricious. Petitioners urge first in that regard that the Special Master erred in giving more weight to the government's experts and their medical theories than to Petitioners' experts and their medical theories. Pet'rs' Br. 13–16. We do not agree. The Special Master carefully considered the testimony of the parties' experts and found Petitioners' experts to be less credible than those of the government. *See* J.A. 21–32. Thereafter, in reviewing the Special Master's decision, the Court of Federal Claims pointed out that the Special Master found Petitioners' experts less compelling than the government's experts because "[Petitioners' experts'] descriptions of the timing and symptoms of K.S.S.W.'s conditions contradicted contemporaneous medical records"

and because Petitioners' experts had offered testimony "outside of their areas of expertise." J.A. 55–56. Special Masters have "broad discretion in determining credibility because [they] saw the witnesses and heard the testimony." *Bradley ex rel. Bradley v. Sec'y of Dep't of Health & Hum. Servs.*, 991 F.2d 1570, 1575 (Fed. Cir. 1993). We see nothing in the record that supports the conclusion that the Special Master abused her discretion in this case.

Petitioners' second claim in support of their argument that the decision of the Special Master is arbitrary and capricious is that there was insufficient evidence for the Special Master's conclusion that Petitioners "failed to provide the evidence needed to establish a *prima facie* case that the DTaP vaccine K.S.S.W. received caused his afebrile seizures and subsequent conditions of developmental delay and [cortical visual impairment]." J.A. 44; *see* Pet'rs' Br. 18–19. Again, we do not agree. As the Court of Federal Claims noted, the Special Master "carefully considered the entirety of the evidence in the record, including K.S.S.W.'s voluminous medical records involving his treatments for congenital health conditions." J.A. 60. Accordingly, in our view, the court did not err in concluding that the "[S]pecial [M]aster properly considered K.S.S.W.'s genetic conditions as an alternative cause of his injuries." *Id.* (citation omitted).

## CONCLUSION

For the foregoing reasons, we affirm the decision of the Court of Federal Claims denying Petitioners' claim for compensation under the Vaccine Act.

## **AFFIRMED**

## COSTS

No costs.