# United States Court of Appeals for the Federal Circuit

2008-5105

PATRICIA R. SHARP, MARGARET M. HAVERKAMP,
and IVA DEAN ROGERS,

Plaintiffs-Appellees,

v.

UNITED STATES,

Defendant-Appellant.

Edward R. Reines, Weil, Gotshal & Manges LLP, of Redwood Shores, California, argued for plaintiffs-appellees.  With him on the brief were Michael R. Franzinger and Azra M. Hadzimehmedovic, of Washington, DC.

Douglas K. Mickle, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for defendant-appellant.  With him on the brief were Michael F. Hertz, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and Bryant G. Snee, Assistant Director.  Of counsel on the brief were Kelly L. McGovern, Personnel Branch, Army Litigation Division, United States Army,  of Arlington, Virginia, and Scott Lafferty, Senior Associate Counsel, Office of the General Counsel, Military and Civilian Pay Law Directorate, Defense Finance and Accounting Service, of Cleveland, Ohio.

Appealed from:  United States Court of Federal Claims

Judge George W. Miller

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

2008-5105

PATRICIA R. SHARP, MARGARET M. HAVERKAMP,
and IVA DEAN ROGERS,

Plaintiffs-Appellees,

v.

UNITED STATES,

Defendant-Appellant.

Appeal from the United States Court of Federal Claims in 07-CV-547,
Judge George W. Miller.

_____

DECIDED: August 26, 2009

_____

Before MAYER, CLEVENGER, and SCHALL, Circuit Judges.

MAYER, Circuit Judge.

The United States appeals the judgment of the United States Court of Federal Claims, which denied its motion to dismiss, and granted the motion for summary judgment of Patricia Sharp, Margaret Haverkamp, and Iva Rogers, permitting them to receive Survivor Benefit Plan ("SBP") payments unreduced by the amount of their reinstated Dependency and Indemnity Compensation ("DIC") payments. Sharp v. United States, 82 Fed. Cl. 222 (2008). Because the Court of Federal Claims correctly determined that 38 U.S.C. § 1311(e) partially repealed 10 U.S.C. § 1450(c)(1), we affirm.

BACKGROUND

The appellees (collectively referred to in the singular as "Sharp") are surviving spouses of deceased veterans and military retirees of the United States Armed Forces, each of whom remarried after age 57. This case centers on statutory interpretation and involves two benefit programs: SBP, which is administered by the Department of Defense, and DIC, which is administered by the Department of Veterans Affairs. SBP is an insurance-style program allowing eligible servicemembers and military retirees to elect to have premiums deducted from their pay in order to provide their spouses with additional benefits after their deaths. 10 U.S.C. § 1448 (2006). As the surviving spouse of a deceased military servicemember who chose to participate in SBP, Sharp is the primary beneficiary of annuity payments that became effective the first day after her spouse's death. Id. § 1450(a). DIC is a separate benefit, which is automatically paid to surviving spouses of veterans who died while on active duty or while suffering from a service-connected disability. 38 U.S.C. § 1310(a) (2006) ("When any veteran dies . . . from a service-connected or compensable disability, the Secretary shall pay [DIC] to such veteran's surviving spouse . . . ."). Sharp's spouse died while on active duty or while suffering from a service-connected disability. Thus, she is eligible to receive both SBP and DIC benefits.

Prior to 2003, surviving spouses receiving DIC payments became ineligible to continue receiving the benefit when they remarried. Congress responded by passing the Veterans Benefits Act of 2003 ("the Veterans Benefits Act"), which restored DIC benefits to surviving spouses who chose to remarry after age 57. Id. § 103(d)(2)(B) ("The remarriage after age 57 of the surviving spouse of a veteran shall not bar the

furnishing of benefits [relating to DIC] to such person as the surviving spouse of the veteran."). The Veterans Benefits Act also provided that, "notwithstanding any other provision of law," those remarried spouses who are simultaneously eligible for other benefits inuring to surviving spouses of veterans do not suffer a reduction in their benefits due to the DIC payments. Id. § 1311(e).[1]

The SBP and DIC benefit schemes, however, have contradicting provisions regulating offsets for those who receive both benefits. The SBP offset provision, which went into effect September 21, 1972, calls for reducing SBP payments by the amount the recipient receives in DIC benefits. 10 U.S.C. § 1450(c)(1) (2006) ("If . . . the surviving spouse . . . is also entitled to [DIC] under section 1311(a) of title 38, the surviving spouse . . . may be paid an annuity under this section, but only in the amount that the annuity otherwise payable under this section would exceed that compensation."). As stated above, however, the DIC scheme appears to prohibit a reduction in benefits, such as SBP payments, for widows like Sharp, notwithstanding provisions of law like the offset language in the SBP statute. See 38 U.S.C. § 1311(e) (2006). Nevertheless, the Department of Defense continued to enforce the SBP offset

---

[1]     The Veterans Benefits Act of 2003 provides in pertinent part:

In the case of an individual who is eligible for dependency and indemnity compensation under this section by reason of section 103(d)(2)(B) of this title who is also eligible for benefits under another provision of law by reason of such individual's status as the surviving spouse of a veteran, then, notwithstanding any other provision of law (other than section 5304(b)(3) of this title), no reduction in benefits under such other provision of law shall be made by reason of such individual's eligibility for benefits under this section.

38 U.S.C. § 1311(e) (2006) (effective Jan. 1, 2004).

provision, and reduced Sharp's SBP payments by the amount she received in DIC benefits.

On July 19, 2007, Sharp filed suit in the Court of Federal Claims, asserting that the government improperly reduced her SBP payments by the amount of her DIC payments. The court granted summary judgment in her favor, holding that "section 1311(e) modifies or partially repeals 10 U.S.C. § 1450(c)(1) to the extent that SBP payments are not to be reduced by the amount of DIC payments to those surviving spouses who receive DIC by virtue of their having remarried after the age of 57." Sharp, 82 Fed. Cl. at 229. The government appeals, and we have jurisdiction under 28 U.S.C. § 1295(a)(3).

DISCUSSION

We review the trial court's grant of summary judgment de novo, reapplying the same standard as the trial court. Palahnuk v. United States, 475 F.3d 1380, 1382 (Fed. Cir. 2007). Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Rule 56(c) of the Rules of the United States Court of Federal Claims; see also Palahnuk, 475 F.3d at 1382.

I.

The statutory provisions at issue, 10 U.S.C. § 1450(c)(1) and 38 U.S.C. § 1311(e), are at odds: the SBP scheme calls for reducing SBP payments by the amount the recipient receives in DIC benefits, whereas the post-2003 DIC scheme prohibits such reductions for surviving spouses who remarry after age 57. Sharp urges,

and the trial court held, that by its plain language section 1311(e) modifies or partially repeals section 1450(c)(1), so that surviving spouses who receive reinstated DIC by virtue of remarrying after age 57 receive their SBP payments unreduced by the amount of their DIC payments.

The government more restrictively reads the language of section 1311(e) as precluding the reduction of benefits by DIC payments only for those benefits that are paid to surviving spouses of veterans *solely* due to their status as surviving spouses. In order for a surviving spouse of a veteran to receive SBP, the veteran must have been eligible for retirement, 10 U.S.C. § 1448(a)(1), have chosen SBP coverage, id. § 1448(a)(2), and have paid premiums for the benefit, id. § 1452. Because eligibility for SBP benefits includes requirements additional to one's status as a surviving spouse of a veteran, the government concludes that SBP benefits are not included in the section 1311(e) ambit of protection.

We agree with Sharp and the trial court. To determine Congress' intent, we use the traditional tools of statutory construction, beginning with the text of the statute. Splane v. West, 216 F.3d, 1058, 1068 (Fed. Cir. 2000) (citing United States v. Gonzales, 520 U.S. 1, 4 (1997)). Where the intent is unambiguously expressed by the plain meaning of the statutory text, we give effect to that clear language without rendering any portion of it meaningless. Id. Here, Congress' intention to supersede all other laws (except a provision not at issue in this case), and prevent a decrease in some other benefit payment as a result of section 1311(e)'s restoration of DIC payments to surviving spouses who remarry after age 57, is plain on the face of the statute. 38 U.S.C. § 1311(e) ("[N]otwithstanding any other provision of law (other than

section 5304(b)(3) of this title), no reduction in benefits under such other provision of law shall be made by reason of such individual's eligibility for benefits under this section."). Because the "notwithstanding" clause applies to "any other provision of law," without relevant limitation, section 1311(e) cannot be given any effect unless its language is construed to modify or partially repeal the earlier-promulgated section 1450(c)(1) to the extent necessary to resolve the offset conflict.

To the government's unconvincing argument that the only benefits section 1311(e) was meant to protect from offset are those granted solely because of the recipient's status as the surviving spouse of a veteran, Sharp responds that the plain language of section 1311(e) supports the reading that the statute applies to benefits for which a recipient's "status as the surviving spouse of a veteran" is a necessary but not exclusive requirement. Sharp's reading of the statute is more persuasive because, <u>inter alia</u>, neither party has identified a statute that entitles one to benefits solely due to one's status as a veteran or a spouse of a veteran; benefits appear always to be otherwise conditioned, <u>e.g.</u>, filing necessary paperwork. The government's position, on the other hand, makes it effectively impossible for any benefit to gain offset protection from section 1311(e). We therefore reject its interpretation, which would violate the canon that we must "give effect, if possible, to every clause and word of a statute" and should avoid rendering any of the statutory text meaningless or as mere surplusage. <u>Duncan v. Walker</u>, 533 U.S. 167, 174 (2001) (internal quotation marks omitted).

The government continues that the statute does not pertain to SBP benefits because SBP is a *retirement* benefit and not a benefit that is conferred based on *veteran* status. Although the government correctly states that not all veterans are

retirees, it also concedes that a military retiree will always be a veteran.[2] Thus, Sharp's status as the surviving spouse of a military retiree unequivocally confers status as the surviving spouse of a veteran. Only military retirees and retirement-eligible servicemembers are permitted to participate in SBP, so an SBP beneficiary always is a surviving spouse (or dependent child) of a veteran. As such, the SBP offset provision, 10 U.S.C. § 1450(c)(1), represents "another provision of law" that makes benefits available to an individual "by reason of such individual's status as the surviving spouse of a veteran" as contemplated by 38 U.S.C. § 1311(e). Because Sharp's eligibility for SBP is predicated upon her status as the surviving spouse of a veteran, her SBP benefits are protected from offset.

## II.

Even though we conclude that the plain language of 38 U.S.C. § 1311(e) unambiguously precludes the DIC-SBP offset of 10 U.S.C. § 1450(c)(1), we take a look at the legislative history "only to determine whether a clear intent contrary to the plain meaning exists." Glaxo Operations UK Ltd. v. Quigg, 894 F.2d 392, 396 (Fed. Cir. 1990). To overcome the plain meaning of the statute, the party challenging it by reference to legislative history must establish that the legislative history embodies "an '*extraordinary showing* of contrary intentions.'" Id. (quoting Garcia v. United States, 469 U.S. 70, 75 (1984)). The government has failed to present anything that comes close to satisfying this burden.

---

[2] Title 38 defines a veteran as "a person who served in the active military, naval, or air service, and who was discharged or released therefrom under conditions other than dishonorable." 38 U.S.C. § 101(2) (2006).

The government first points to the Congressional Budget Office ("CBO") cost estimate of the Veterans Benefits Act of 2003, which included the DIC-SBP offset in its calculation, as evidence that Congress intended SBP offsets to remain in place. We are unpersuaded. First, the CBO is not Congress, and its reading of the statute is not tantamount to congressional intent. Second, Congress never ratified the CBO's interpretation, which was completed more than two weeks after Congress took final action on the bill. Finally, section 1311(e)'s "notwithstanding" clause, which repealed the DIC-SBP offset at issue, was not part of the bill's original text, but was added by amendment. As the trial court noted, the fact that the repeal was not included in the original text of the bill could have resulted in a CBO calculation error or oversight. In sum, the government's CBO argument is not "an extraordinary showing" that Congress intended the statute to mean something contrary to its unambiguous language.

To counter the government's position, Sharp contends that the legislative history of a bill considered by the preceding Congress and similar to the one that produced section 1311(e) demonstrates that Congress conveyed its actual intent to partially repeal the DIC-SBP offset. In 2002, Congress considered the Veterans' and Survivors' Benefits Expansion Act of 2002, which included language almost identical to the provision in the Veterans Benefits Act of 2003. A House Veterans Affairs Committee report discussing the 2002 legislation expressly stated that the provision at issue is applicable to SBP payments. H.R. Rep. No. 107-472, at 6 (2002), reprinted in 2002 U.S.C.C.A.N. 1020, 1022 ("[T]he Committee has included language so that [retained DIC payments] will be paid to all remarried surviving spouses, and that no reduction of other benefits to which the surviving spouse may be entitled, such as Survivor Benefit

Plan payments, would occur."). Although this committee report does not speak directly to the language of the Veterans Benefits Act of 2003, it at least confirms that the legislative history does not amount to an "extraordinary showing of contrary intention" required to interpret section 1311(e) as not partially repealing the DIC-SBP offset. "Surely an interpretation placed by the sponsor of a bill on the very language subsequently enacted by Congress cannot be dismissed out of hand . . . simply because the interpretation was given two years earlier." United States v. Enmons, 410 U.S. 396, 405 n.14 (1973); see also Huffman v. Office of Pers. Mgmt., 263 F.3d 1341, 1347 n.1 (Fed. Cir. 2001) ("Congress did not release committee reports, but it is proper for us to look to the legislative history from the [previous] Congress for guidance in interpreting the [statute], because the language did not change.").

Finally, the government relies on post-2003 congressional activity in its attempt to prove that Congress did not intend a partial repeal of the DIC-SBP offset in 2003. Specifically, it points to ongoing legislative efforts to effect a total repeal of the DIC-SBP offset as evidence that if Congress had intended the Veterans Benefits Act of 2003 to silently repeal the offset, it would have done so expressly and for all surviving spouses, not just the narrow group of survivors who marry after age 57. This argument also is unavailing.

As recognized by the trial court, there are many plausible explanations for Congress' decision to repeal the DIC-SBP offset only for surviving spouses who receive DIC by reason of their having remarried after age 57. Perhaps Congress intended to encourage marriage for older surviving spouses. Perhaps section 1311(e) simply represents a first step in an effort to eventually enact full repeal. After all, the

servicemember paid for both benefits: SBP with premiums; DIC with his life. Perhaps it was recognition that the political process is the art of the possible, and that prudence counseled against making the perfect the enemy of the good. Whatever the reason, the government has failed to make the "extraordinary showing of [Congress'] contrary intentions" that would permit this court to construe section 1311(e) in a way that eviscerates its plain language.

## CONCLUSION

Accordingly, the judgment of the United States Court of Federal Claims is affirmed.

## AFFIRMED