# United States Court of Appeals for the Federal Circuit

---

**SUNOCO, INC.,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2017-1402

---

Appeal from the United States Court of Federal Claims in No. 1:15-cv-00587-TCW, Judge Thomas C. Wheeler.

---

Decided: November 1, 2018

---

GREGORY G. GARRE, Latham & Watkins LLP, Washington, DC, argued for plaintiff-appellant. Also represented by ELANA NIGHTINGALE DAWSON, BENJAMIN SNYDER; GEORGE MILLINGTON CLARKE, III, ERIC M. BISCOPINK, VIVEK ASHWIN PATEL, KATHRYN E. RIMPFEL, Baker & McKenzie LLP, Washington, DC; DANIEL ALLEN ROSEN, New York, NY.

JUDITH ANN HAGLEY, Tax Division, United States Department of Justice, Washington, DC, argued for

defendant-appellee. Also represented by GILBERT STEVEN ROTHENBERG, RICHARD FARBER, DAVID A. HUBBERT.

———————————

Before REYNA, TARANTO, and HUGHES, *Circuit Judges.*

REYNA, *Circuit Judge.*

This case concerns whether, under 26 U.S.C. § 6426, a taxpayer that is entitled to an alcohol fuel mixture credit may treat the credit as a tax-free direct payment regardless of excise-tax liability, or whether a taxpayer must first use the mixture credit to reduce any excise-tax liability before receiving payment for any amount of mixture credit exceeding excise-tax liability. Sunoco, Inc. appeals from the Court of Federal Claims' grant of the United States' motion for judgment on the pleadings and denial of Sunoco, Inc.'s cross-motion for partial summary judgment. The Court of Federal Claims determined that the alcohol fuel mixture credit must first be applied to reduce a taxpayer's gasoline excise-tax liability, with any remaining credit amount treated as a tax-free payment. We affirm.

BACKGROUND

1. Statutory Framework

Since 1932, the United States has imposed an excise tax on various types of fuel, including gasoline. *See* Revenue Act of 1932, ch. 209, § 617(a), 47 Stat. 169 (1932) (current version at 26 U.S.C. § 4081).[1] Excise taxes are taxes collected on the "manufacture, sale, or use of goods," or "on an occupation or activity." *Excise*, Black's Law Dictionary (10th ed. 2014). Under § 4081, the United

———————————

[1] Unless otherwise specified, all sections referenced in this opinion are to the Internal Revenue Code set forth in Title 26 of the United States Code.

States imposes an excise tax upon the occurrence of events involving the removal of gasoline from a refinery or terminal; the entry of gasoline into the United States for consumption, use, or warehousing; and the sale of gasoline to certain purchasers. § 4081(a)(1)(A). In particular, § 4081 imposes an excise tax of 18.3 cents per gallon of gasoline (other than aviation gasoline). § 4081(a)(2)(A)(i).[2]

Pursuant to § 9503, the § 4081 gasoline excise tax is used to fund the Highway Trust Fund, created by the Federal-Aid Highway Act of 1956 ("Highway Revenue Act"), Pub. L. No. 84-627, § 209, 70 Stat. 374, 397 (codified at 26 U.S.C. § 9503). These funds are used to construct and maintain the nation's highways and other infrastructure.

In 1978, Congress started enacting tax incentives for renewable fuels, such as alcohol fuel blends. *See* Energy Tax Act of 1978, Pub. L. No. 95-618, § 221, 92 Stat. 3174, 3185. One of these tax incentives was a reduced excise-tax rate for alcohol fuel mixtures. *See* Highway Improvement Act of 1982, Pub. L. No. 97-424, 96 Stat. 2097. While these tax incentives popularized the production of alcohol fuel mixtures, the lower excise-tax rate resulted in fewer tax dollars flowing into the Highway Trust Fund. Roberta F. Mann & Mona L. Hymel, *Moonshine to Motorfuel: Tax Incentives for Fuel Ethanol*, 19 Duke Envtl. L. & Pol'y F. 43, 49 (2008). The depletion of funds caught the attention of Congress and triggered a legislative response. H.R. Rep. No. 108-548, pt. 1, at 141–42 (2004) ("Committee Report").

---

[2] The 18.3 cents per gallon excise tax for gasoline increases to 18.4 cents per gallon after accounting for the 0.1 cents per gallon amount diverted to the Leaking Underground Storage Tank Trust Fund. § 9503(a)(2)(B). Certain exhibits thus refer to the excise-tax rate under § 4081 as being 18.4 cents per gallon.

On October 22, 2004, the American Jobs Creation Act of 2004 ("Jobs Act") passed.  Pub. L. No. 108-357, 118 Stat. 1418.  In the Jobs Act, Congress sought to increase the flow of revenue to the Highway Trust Fund, but did not want to eliminate the monetary incentives for producers to blend alcohol with fuel.  Congress thus restructured the relevant statutory framework in three respects: (1) it eliminated the reduced excise-tax rate for alcohol fuel blends under § 4081(c), thus leaving an 18.3 cents per gallon excise tax on all non-aviation gasoline; (2) it enacted an alcohol fuel mixture credit for producers of alcohol fuel blends set forth in § 6426(b) (the "Mixture Credit"); and (3) it amended § 9503 to appropriate all excise taxes imposed under § 4081 to the Highway Trust Fund "without reduction for credits under section 6426."  Jobs Act §§ 301, 853.  Congress stated that the Mixture Credit "provide[s] a benefit equivalent to the reduced tax rates, which are being repealed under the provision."  Committee Report, at 142.

By amending § 9503 of the Highway Revenue Act to require the 18.3 cents per gallon excise tax be deposited into the Highway Trust Fund in its entirety, and mandating that the new Mixture Credit be given to producers at an amount equivalent to the now-eliminated reduced excise-tax rate, Congress manufactured a way to shift funds from the General Fund at the U.S. Department of the Treasury ("Treasury") to the Highway Trust Fund without affecting revenue.  *See* H.R. Rep. No. 108-755, at 305 (2004) (Conf. Rep.) ("Conference Report") ("The provision also authorizes the full amount of fuel taxes to be appropriated to the Highway Trust Fund without reduction for amounts equivalent to the excise-tax credits allowed for alcohol fuel mixtures, and the Trust Fund is not required to reimburse any payments with respect to qualified alcohol fuel mixtures."); *see also* Staff of Joint Committee On Taxation, *Estimated Budget Effects of the Conference Agreement for H.R. 4520, the "American Jobs*

*Creation Act of 2004"* (JCX-69-04) at Provision III.A.1 (listing the "excise tax credit (in lieu of reduced tax rate on gasoline) to certain blenders of alcohol mixtures" as having "No Revenue Effect"). Under this new regime, the Highway Trust Fund would consistently receive 18.3 cents per gallon under § 4081 regardless of whether the excise tax was actually paid by the taxpayer or obtained from the General Fund at Treasury. In return, alcohol fuel producers would receive the Mixture Credit without impacting the Highway Trust Fund.

The statutory changes to §§ 4081, 6426, and 9503 also led to the creation of § 6427(e)—added to account for the Mixture Credit—which requires the Secretary of the Treasury to pay, interest-free, to an alcohol fuel producer "an amount equal to the alcohol fuel mixture credit." § 6427(e)(1). But "[n]o amount shall be payable . . . with respect to any mixture or alternative fuel with respect to which an amount is allowed as a credit under section 6426." *Id.* § 6427(e)(3).

## 2. Procedural History

Sunoco, Inc. ("Sunoco"), a petroleum and petrochemical company, blends ethanol with gasoline to create alcohol fuel mixtures. Sunoco filed consolidated tax returns for 2004 through 2009, and claimed the Mixture Credit under § 6426 as a credit against its gasoline excise-tax liability for the years 2005 through 2008.[3]

In 2013, Sunoco changed its tax position by submitting both informal and formal claims with the Internal

---

[3]  Sunoco only sought to recover income tax payments for the years 2005 through 2008, but included its claims for years 2004 and 2009 because "changes to the taxable income in those years affect the amount of the refunds for the other years at issue in this case." J.A. 1001–02.

Revenue Service (IRS) to recover over $300 million based on excise-tax expenses for the years 2005 through 2008. Sunoco claimed that it erroneously reduced its gasoline excise tax by the amount of Mixture Credit it received, which had the effect of including the Mixture Credit in its gross income. In its view, Sunoco was entitled to deduct the full amount of the gasoline excise tax under § 4081—without regard to the Mixture Credit—and keep the Mixture Credit as tax-free income.[4] On March 11, 2015, the IRS issued a statutory notice of disallowance denying Sunoco's claims.[5] On June 10, 2015, Sunoco filed its refund suit in the United States Court of Federal Claims ("COFC"). *Sunoco, Inc. v. United States*, 129 Fed. Cl. 322, 324 (2016); J.A. 16, 1001–13.

On February 12, 2016, the Government moved for judgment on the pleadings pursuant to Rule 12(c) of the Rules of the Court of Federal Claims,[6] arguing that the

---

[4]    As a taxpayer that sells inventory in its trade or business, a gasoline producer and fuel supplier like Sunoco can recover expenses related to the gasoline excise tax under § 4081 by subtracting, or deducting, the expense from its gross income. These deductions are also known as "cost of goods sold." §§ 162, 263A; Treas. Reg. § 1.61-3(a)("Gross income derived from business."). Applying any such deduction under § 4081, i.e., including the gasoline excise tax in the cost of goods sold, results in a decrease in income tax liability.

[5]    The IRS also denied Sunoco's request to increase its 2009 net operating loss for additional deductions based on its claim for an increased gasoline excise-tax deduction. J.A. 1011.

[6]    Rule 12(c) of the Rules of the Court of Federal Claims is identical to its counterpart Rule 12(c) of the Federal Rules of Civil Procedure. We apply the same law to these comparable Rules. *Kraft, Inc. v. United States*,

Jobs Act requires a two-step, or "bifurcated," approach, in which first, the Mixture Credit reduces any excise-tax liability, and then the taxpayer is compensated for any remaining Mixture Credit via a direct payment pursuant to § 6427. *Sunoco*, 129 Fed. Cl. at 325–26. Under the Government's interpretation, applying the Mixture Credit to first reduce the excise-tax liability turns the Mixture Credit into taxable income up to the point in which excise-tax liability is reduced to zero. *Id.* at 329.

Sunoco responded with a cross-motion for partial summary judgment on liability, arguing that the Mixture Credit does not affect its excise-tax liability under § 4081. Sunoco maintained that although the Mixture Credit can be used to offset excise-tax liability, such liability remains constant and does not reduce the cost of goods sold under the statute, therefore making the excise-tax liability fully deductible. *Id.* at 325–26. In Sunoco's view, the entirety of the Mixture Credit is a tax-free payment to the taxpayer under § 6427. *Id.* at 326.

The COFC found the statutory scheme to be ambiguous, but agreed with the Government's interpretation and granted the Government's motion for judgment on the pleadings.[7]

---

85 F.3d 602, 605 n.6 (Fed. Cir. 1996), *opinion modified on other grounds on denial of reh'g*, 96 F.3d 1428 (Fed. Cir. 1996).

[7] During the pendency of this action before the COFC, the IRS published a notice informing claimants that they must apply fuel credits awarded under § 6426 to their § 4081 excise-tax liability, and that a claimant can only receive direct payments for credits under § 6427 for fuel credits exceeding the claimant's § 4081 liability. I.R.S. Notice 2015-56, 2015 WL 4779497 (Aug. 15, 2015). As part of the resolution of a discovery dispute, the COFC

Sunoco appeals.  We have jurisdiction under 28 U.S.C. § 1295(a)(3).

STANDARD OF REVIEW

We review de novo the COFC's grant of judgment on the pleadings under Rule 12(c).  *Xianli Zhang v. United States*, 640 F.3d 1358, 1364 (Fed. Cir. 2011).  We accept the facts alleged by Sunoco as true and draw all reasonable inferences in its favor.  *Id.* (citing *Cary v. United States*, 552 F.3d 1373, 1376 (Fed. Cir. 2009)).  Statutory interpretation is a legal question that we review de novo. *Id.* (citing *Norfolk Dredging Co. v. United States*, 375 F.3d 1106, 1108 (Fed. Cir. 2004)); *Shoshone Indian Tribe of Wind River Reservation v. United States*, 364 F.3d 1339, 1345 (Fed. Cir. 2004).

DISCUSSION

Sunoco asks this court to permit it to deduct, as a cost of goods sold, an excise-tax expense that it never incurred or paid.  Neither the text of the Jobs Act nor its legislative history supports such a reading of the Internal Revenue Code.

A.  Statutory Language

The parties agree there is no dispute as to the material facts in this case.  J.A. 1044, 1085.  Therefore, to determine the tax treatment of the Mixture Credit, we start with the plain language of the statute.  *Robinson v. Shell Oil Co.*, 519 U.S. 337, 340 (1997).  Our inquiry ends there "if the statutory language is unambiguous and 'the statutory scheme is coherent and consistent.'"  *Id.* (quoting *United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 240 (1989)); *Conn. Nat'l Bank v. Germain*, 503 U.S. 249, 254

---

determined that the IRS's notice was not entitled to deference under *Skidmore v. Swift*, 323 U.S. 134 (1944). *Sunoco, Inc. v. United States*, 128 Fed. Cl. 345, 346 (2016).

(1992) ("When the words of a statute are unambiguous, then, this first canon is also the last."). Whether the statutory language is unambiguous is determined by the text itself, the context in which the language is used, and the statutory scheme as a whole. *Robinson*, 519 U.S. at 341 (citing *Estate of Cowart v. Nicklos Drilling Co.*, 505 U.S. 469, 477 (1992), and *McCarthy v. Bronson*, 500 U.S. 136, 139 (1991)).

Relevant here is the interrelationship among three statutory sections of the Internal Revenue Code: §§ 6426, 6427, and 9503. Section 6426 provides for the Mixture Credit, in relevant part, as follows:

> **(a) Allowance of credits.**—There *shall be allowed as a credit*—
>
> **(1)** *against the tax imposed by section 4081* an amount equal to the sum of the credits described in subsections (b), (c), and (e)[8] . . .
>
> **(b) Alcohol fuel mixture credit.**—
>
> **(1) In general.**—For purposes of this section, the alcohol fuel mixture credit is the product of the applicable amount and the number of gallons of alcohol used by the taxpayer in producing any alcohol fuel mixture for sale or use in a trade or business of the taxpayer.

§ 6426 (a), (b) (emphasis added).

Section 6427(e) grants an interest-free payment to taxpayers of an amount equal to the Mixture Credit, when alcohol, biodiesel, or alternative fuels are used to produce a mixture. Section 6427(e) states in relevant part

---

[8] Subsections (c) and (e) refer to the biodiesel mixture credit and the alternative fuel mixture credit, respectively.

**(e) Alcohol, biodiesel, or alternative fuel.**—Except as provided in subsection (k)—

**(1) used to produce a mixture.**—If any person produces a mixture described in section 6426 in such person's trade or business, the Secretary shall pay (without interest) to such person an amount equal to the alcohol fuel mixture credit. . . with respect to such mixture.

. . . .

**(3) coordination with other repayment provisions.**—*No amount shall be payable* under paragraph (1) or (2)[9] with respect to any mixture or alternative fuel with respect to which an amount is *allowed as a credit* under section 6426.

§ 6427(e)(1), (e)(3) (emphasis added). The IRS does not tax as income direct payments to taxpayers made under this subsection.

Section 6426(a)(1) explicitly provides that the "credit," i.e., the Mixture Credit, is applied "against" the gasoline excise tax imposed under § 4081. In other words, the Mixture Credit works to reduce the taxpayer's overall excise-tax liability. "[A] credit is any amount that is allowable as a subtraction from tax liability for the purpose of computing the tax due or refund due." James Edward Maule, 506-3rd T.M., *Tax Credits: Concepts and Calculation* 43 (BNA 2018); *see also id.* at 1 ("Generally, items that are allowable as credits decrease tax liability by that amount."); *Tax Credit*, Black's Law Dictionary (10th ed. 2014) ("An amount subtracted directly from one's total tax liability, dollar for dollar, as opposed to a deduction from gross income.—Often shortened to *credit*.").

---

[9]    Subsection (e)(2) refers to alternative fuel.

Sunoco argues that a "credit" under § 6426 is a "payment" of its § 4081 excise-tax liability. We disagree. The Jobs Act treats "credits" differently from "payments," as evidenced by the language in § 6427(e)(1), which grants payment to a taxpayer in the same amount as the Mixture Credit, to the extent the taxpayer's excise-tax liability is zero. Appellant's Br. 10 (stating taxpayer receives "tax-free payment" of the outstanding credit amount when taxpayer has no excise-tax liability or the Mixture Credit amount exceeds excise-tax liability); Appellee's Br. 7–8 (same). That payment, however, is reduced by the amount of Mixture Credit applied to offset the taxpayer's excise-tax liability: "*No amount shall be payable* under paragraph (1) . . . with respect to which an amount is allowed as a credit under section 6426." § 6427(e)(3) (emphasis added). The plain language of § 6427(e)(3) therefore distinguishes the § 6426 "credit" from the "payment" allowable under § 6427(e)(1). *See Randall v. Loftsgaarden*, 478 U.S. 647, 657 (1986) (stating benefit of tax credit is the "use [of] tax credits to reduce the taxes otherwise payable"); *Schaeffler v. United States*, 889 F.3d 238, 248–49 (5th Cir. 2018) (rejecting argument that foreign tax credit is a payment under the Internal Revenue Code).

Section 9503 only reinforces this reading of § 6426. Section 9503 directs that the entirety of the 18.3 cents per gallon gasoline excise tax under § 4081 be appropriated to the Highway Trust Fund. In this particular instance—financing the Highway Trust Fund—"taxes received under sections 4041 and 4081 shall be determined *without reduction* for credits under section 6426." § 9503(b)(1) (emphasis added).

Sunoco contends that this language shows Congress did not intend the Mixture Credit to reduce excise-tax liability because the Treasury would not "receive" the amount of tax offset by the Mixture Credit. Sunoco's argument fails for a number of reasons. First, the statute

explicitly states that for § 9503(b) purposes only, the amount of funds deposited into the Highway Trust Fund is "equivalent to the" gasoline excise tax imposed under § 4081 "without reduction" for the Mixture Credit, meaning that the funds deposited into the Highway Trust Fund are not diminished by any amount of Mixture Credit that might act against a taxpayer's excise-tax liability. This is a logical reading of the statute given that the Jobs Act was enacted with the intention of maximizing funds deposited into the Highway Trust Fund. Second, to interpret § 9503 as Sunoco proposes would render a portion of the statutory language unnecessary; there would be no reason to explicitly state that the amount to be deposited in to the Highway Trust Fund "shall be determined without reduction for credits under section 6426" if the Mixture Credit were not to serve as an offset of a taxpayer's excise-tax liability imposed under § 4081. Expressed differently, if the Mixture Credit were a tax-free payment regardless of excise-tax liability, rather than a reduction of the 18.3 cents per gallon gasoline excise tax, portions of § 9503 would lack meaning. *See TRW Inc. v. Andrews*, 534 U.S. 19, 31 (2001) ("It is a cardinal principle of statutory construction that a statute ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant." (internal quotation marks omitted)).

Sunoco contends that where Congress intended a credit to reduce a taxpayer's excise-tax liability, it explicitly said so. Specifically, Sunoco points to §§ 45H and 280C, where a taxpayer's deductions are "reduced by the amount of the credit determined for the taxable year under section 45H(a)." Appellant's Br. 29. Indeed, no such explicit language appears with respect to the Mixture Credit, but §§ 45H and 280C operate differently from §§ 4081 and 6426. Section 45H concerns income tax credit for low sulfur diesel fuel production. § 45H(a). Section 280C, titled "Certain expenses for which credits

are allowable," simply prevents the taxpayer from obtaining a double benefit by forbidding a deduction for expenses already contemplated by the § 45H income tax credit. *Cf.* § 162(a) (allowing deduction of business expenses). In contrast, the Mixture Credit described in § 6426 is a credit, not an expense—Sunoco never pays it. *See* 6 William H. Byrnes, IV et al., *Mertens Law of Fed. Income Tax'n* § 25:1 (Sept. 2018) ("Section 162 requires that deductions for a business expense must have been paid or incurred during the taxable year."). Consequently, there is no need to expressly include a provision prohibiting a taxpayer from deducting the Mixture Credit because it is not an expense incurred by the taxpayer.

## B. Legislative History

The plain meaning of the statute is clear—the Mixture Credit is a credit, not a payment, which must first be used to decrease a taxpayer's gasoline excise-tax liability before receiving any payment under § 6427(e). To overcome the plain meaning of the statute, Sunoco must show that the legislative history "embodies an '*extraordinary showing* of contrary intentions.'" *Sharp v. United States*, 580 F.3d 1234, 1238 (Fed. Cir. 2009) (quoting *Glaxo Operations UK Ltd. v. Quigg*, 894 F.2d 392, 396 (Fed. Cir. 1990) (looking at legislative history "only to determine whether a clear intent contrary to the plain meaning exists")). Sunoco has failed to satisfy this heavy burden.

Sunoco relies on a single sentence from the legislative history to show that Congress intended the Mixture Credit to be a payment of excise-tax liability, as opposed to a reduction in that liability: "[t]he credit is treated as a payment of the taxpayer's tax liability received at the time of the taxable event." Conference Report, at 304. But other relevant portions of the Conference Report belie Sunoco's position: "In lieu of the reduced excise tax rates, the provision provides that the alcohol mixture credit provided under section 40 may be applied against section

4081 excise tax liability." *Id.* (describing the Mixture Credit as "a benefit equivalent to the reduced tax rates"); *see also id.* at 308 ("These payments are intended to provide an *equivalent benefit* to replace the partial exemption for fuels to be blended with alcohol and alcohol fuels being repealed by this provision." (emphasis added)). Thus, the tax benefit of the Mixture Credit is a reduction in excise-tax liability intended to match the excise-tax rate reduction in place prior to the enactment of the Jobs Act.

In addition, the only payments contemplated by Congress refer to those made to the taxpayer under § 6427(e):

*Payments with respect to qualified alcohol fuel mixtures*

To the extent the alcohol fuel mixture credit exceeds any section 4081 liability of a person, the Secretary is to pay such person an amount equal to the alcohol fuel mixture credit with respect to such mixture. These payments are intended to provide an equivalent benefit to replace the partial exemption for fuels to be blended with alcohol and alcohol fuels being repealed by the provision.

*Id.* at 304; *see also id.* at 308. The Conference Report further states that "if the person has no section 4081 liability, the credit is totally refundable." *Id.* at 308; *see also id.* at 303. Thus, Congress intended for any payment of the Mixture Credit to go to the taxpayer only if the taxpayer's excise-tax liability is zero. The legislative history is therefore at odds with Sunoco's position and supports the plain reading of the statute—that the Mixture Credit must first be applied to reduce any § 4081 excise-tax liability, with any remaining Mixture Credit paid to the taxpayer under § 6427(e).

The reason for this is simple: a taxpayer can claim either an excise-tax benefit, i.e., the Mixture Credit, or an

income tax benefit, but not both.  *See id.* at 304 ("The benefit obtained from the excise tax credit is coordinated with the alcohol fuels income tax credit."); § 40(c); J.A. 1003.  In Sunoco's case, it wishes both to pocket the Mixture Credit as a tax-free refundable payment and to claim an income tax benefit by including in full its gasoline excise-tax liability in its cost of goods sold, thereby reducing its total taxable income.  But such double-dipping was not intended by Congress.  *Cf.* Conference Report at 305–06 (stating biodiesel fuel credit, which is similar to the Mixture Credit, "cannot be claimed for both income and excise tax purposes").  Indeed, while not probative of congressional intent in 2004, in 2009, members of the Joint Committee on Taxation read § 6426 the same way as this court does: "[t]he alcohol fuel mixture credit must first be taken to reduce excise tax liability for gasoline, diesel fuel or kerosene.  Any excess credit may be taken as a payment or income tax credit."  Joint Committee on Taxation, *Tax Expenditures for Energy Production & Conservation*, JCX-25-09R at 24 (2009).

Sunoco wishes to treat the Mixture Credit as a deductible expense because it considers the Mixture Credit as a payment of its tax liability.  But Sunoco never incurs a cost equal to the Mixture Credit.  Such a method of accounting would result in an overall lower taxable income, resulting in a windfall to Sunoco.  We have already established that Congress does not generally allow taxpayers to receive a tax benefit twice.  Nor has Sunoco shown that Congress intended the Jobs Act to increase excise-tax subsidies for fuel blenders.  Sunoco has failed to show that the legislative history extraordinarily contradicts the plain reading of the Jobs Act.

## Conclusion

In light of the plain language of the Jobs Act, we conclude that the § 6426(a) Mixture Credit is a reduction of § 4081 excise-tax liability, with any credit amount exceed-

ing said excise-tax liability to be paid to the taxpayer under § 6427(e).

**AFFIRMED**

COSTS

No costs.