NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CINDY SCHUSSLER,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2021-1819

---

Appeal from the United States Court of Federal Claims in No. 1:18-cv-00598-EMR, Judge Eleni M. Roumel.

---

Decided:  April 26, 2023

---

ANTHONY BENJAMIN EMMI, Betty and Michael D. Wohl Veterans Legal Clinic, Syracuse University College of Law, Syracuse, NY, argued for plaintiff-appellant.  Also represented by ELIZABETH GARRISON KUBALA.

PATRICK ANGULO, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for defendant-appellee.  Also represented by BRIAN M. BOYNTON, PATRICIA M. MCCARTHY, DOUGLAS K. MICKLE.

---

Before DYK, SCHALL, and CHEN, *Circuit Judges.*

PER CURIAM.

Cindy Schussler appeals a decision of the Court of Federal Claims ("Claims Court") granting the government's motion for judgment on the administrative record as to her suit for payment under the Survivor Benefit Plan ("SBP"), a federal program that pays annuities to eligible survivors of U.S. military personnel. We *affirm*.

I

The SBP "is an insurance-style program allowing eligible servicemembers and military retirees to elect to have premiums deducted from their pay in order to provide their spouses [and dependents] with additional benefits after their deaths." *Sharp v. United States*, 580 F.3d 1234, 1236 (Fed. Cir. 2009); *see* 10 U.S.C. §§ 1447–55. Although it has been amended several times, both parties agree that the relevant SBP statutory scheme in this case is the one that was in force in 1995.

In 1995, both regular servicemembers and reservists could become eligible for the SBP. All personnel entitled to retirement pay with a spouse or dependent child were by default enrolled in the SBP, though they could opt out. 10 U.S.C. § 1448(a)(2)(A) (1995).[1] Reservists were generally not entitled to retirement pay until their sixtieth birthday, and so even if they had a spouse or dependent child they were not automatically enrolled in SBP until age sixty. *Id.*; *see also id.* § 12731(a)(1). But Congress allowed reservists to opt in to the plan after twenty years of service even before reaching retirement age so if they died before reaching age sixty their survivors could receive benefits. *Id.*

---

[1]    Citations to the United States Code throughout this opinion are to the 1995 edition.

§ 1448(a)(1)(B); *see also id.* § 12731(a)(2).  Such reservists had to elect to participate within ninety days of becoming eligible.  *Id.* § 1448(a)(2)(B).  Those who failed to do so would only be able to participate in the SBP after turning sixty.  *Id.*

Congress required that married, SBP-eligible regular servicemembers and reservists over age sixty obtain spousal consent before opting out of SBP.[2]  *Id.* § 1448(a)(3)(A) (spousal consent requirement applied to "married person[s] who [were] eligible to provide a stand-ard annuity").  Married eligible reservists under age sixty "who elect[ed] to provide a reserve-component annuity" had to obtain spousal consent before electing less than the maximum benefit or electing to provide benefits to a de-pendent child but not for a spouse.  *Id.* § 1448(a)(3)(B).  In 1995, therefore, the law did not require spousal consent for decisions of eligible reservists who had not reached age sixty to entirely forego opting in to the SBP.

## II

Ms. Schussler is the surviving spouse of Frederick Schussler, who served in the United States Army Reserve Component between 1975 and 2005.  In 1995, the Army sent Mr. Schussler a letter informing him that he could opt in to the SBP within ninety days of the letter.  The letter told him that if he did not opt to participate in the SBP within that period he would not have the opportunity to do so again until he turned sixty.  Mr. Schussler did not elect

---

[2]    Congress has subsequently amended the spousal consent provisions of the SBP, *see* Floyd D. Spence Na-tional Defense Authorization Act for Fiscal Year 2001, Pub. L. No. 106-398, § 655, 114 Stat. 1654, 1654A–165 (2000), but all parties agree that the later amendments do not ap-ply here.

to participate in the SBP within ninety days, and he died before his sixtieth birthday.

Ms. Schussler contends that, because she did not consent to Mr. Schussler's non-enrollment in the SBP, his failure to enroll should be disregarded. But under § 1448 as it existed in 1995, Ms. Schussler's consent was not required for Mr. Schussler to forego participation in the SBP. Mr. Schussler was neither "eligible to provide a standard annuity," *id.* § 1448(a)(3)(A), because he had not reached the age of sixty, nor a person "who elect[ed] to provide a reserve-component annuity," *id.* § 1448(a)(3)(B). Congress's spousal consent requirements did not apply under these circumstances.

The Claims Court is

## **AFFIRMED**

COSTS

No costs.