# United States Court of Appeals for the Federal Circuit

---

**FORTRESS IRON, LP,**
*Plaintiff-Appellant*

**v.**

**DIGGER SPECIALTIES, INC.,**
*Defendant-Appellee*

---

2024-2313

---

Appeal from the United States District Court for the Northern District of Indiana in No. 3:21-cv-00014-CCB, Judge Cristal C. Brisco.

---

Decided: April 2, 2026

---

PAUL V. STORM, Foley & Lardner LLP, Dallas, TX, argued for plaintiff-appellant. Also represented by JOHN JACOB MAY.

HEATHER B. REPICKY, Barnes & Thornburg LLP, Boston, MA, argued for defendant-appellee. Also represented by D. RANDALL BROWN, Fort Wayne, IN; DANA AMATO SARROS, Chicago, IL.

---

Before LOURIE and HUGHES, *Circuit Judges*, and KLEEH,[1] *Chief District Judge.*

LOURIE, *Circuit Judge.*

Fortress Iron, LP ("Fortress") appeals from a decision of the United States District Court for the Northern District of Indiana. *Fortress Iron L.P. v. Digger Specialties, Inc.*, 748 F. Supp. 3d 614, 621 (N.D. Ind. 2024) ("*Decision*"). The district court granted summary judgment, holding that U.S. Patents 9,790,707 ("the '707 patent") and 10,883,290 ("the '290 patent") were invalid because they omitted a coinventor. *Id.* The district court also denied partial summary judgment to correct inventorship under 35 U.S.C. § 256(b). *Id.* For the reasons given below, we affirm.

BACKGROUND

I

Fortress designs and sells railing and fencing products used in the construction of outdoor living spaces. *Id.* at 616; Open. Br. at 6. Fortress works with two Chinese companies to manufacture their products: manufacturer Yinxin Handicrafts Co., Ltd. ("YX") and quality control liaison Quan Zhou Yoddex Building Material Co., Ltd. ("YD"). *Decision*, 748 F. Supp. 3d at 616.

In March 2013, Fortress's owner, Matthew Sherstad, "had an idea for a vertical cable railing that could be purchased as a pre-assembled panel." *Id.* The pre-assembled aspect made it easier to install compared to products that needed to be assembled on site. *See id.* Fortress employee Kevin Burt sketched an initial design of the product. *Id.* Sherstad and Burt worked with YD to

---

[1] Honorable Thomas S. Kleeh, Chief United States District Judge, United States District Court for the Northern District of West Virginia, sitting by designation.

produce a prototype, but it had problems with the cables rotating during tensioning. *See id.* YD employees Hua-Ping Huang and Alfonso Lin then suggested changes to address the cable tensioning issue. *Id.* at 617. Those suggested changes were incorporated into the final design. *Id.* The final design thus incorporated aspects of Sherstad's original idea, Burt's early designs, and the suggestions of Lin and Huang as to the final cable and rail designs. *Id.*

Soon after the final design was completed, Fortress filed patent applications for the vertical cable railing panels, which issued as the '707 and '290 patents. *Id.* Initially, the patents named only Sherstad and Burt as inventors; they did not include Lin or Huang. *Id.* As relevant to this appeal, Huang's employment at YD ended in 2016, and he did not provide his contact information to YD or Fortress. *Id.* at 618.

## II

In January 2021, Fortress sued Digger Specialties Inc. ("DSI") for infringement of the '707 and '290 patents. *See id.* at 615; J.A. at 13.[2] During the course of the litigation, DSI learned that Lin and Huang contributed to the invention, and Fortress acknowledged that Lin and Huang were coinventors. *Decision*, 748 F. Supp. at 618. Fortress located Lin and successfully added him as a coinventor to the patents following the procedure outlined in 35 U.S.C. § 256(a). *See id.*; J.A. at 330–32, 337–39. But because Huang did not provide his contact information, Fortress was unable to locate him and thus was unable to add him as a coinventor using that same procedure. *See Decision*, 748 F. Supp. at 618.

The parties then filed cross motions for summary judgment. *Id.* at 616. Fortress moved for partial summary

---

[2]    J.A. refers to the Joint Appendix filed at ECF 18.

judgment to correct the '707 and '290 patents by adding Huang as a coinventor pursuant to 35 U.S.C. § 256(b). *Id.*; J.A. at 110–11. DSI opposed Fortress's motion and moved for summary judgment of invalidity due to incorrect inventorship. *Decision*, 748 F. Supp. 3d at 616. The district court denied Fortress's motion to the extent that it did not order correction of the '707 and '290 patents, then granted DSI's motion, holding that the patents were invalid for omission of an inventor. *Id.* at 621.

Fortress appeals, and we have jurisdiction under 28 U.S.C. § 1295(a)(1).

## STANDARD OF REVIEW

We review a district court's ruling of summary judgment under the law of the regional circuit—here, the Seventh Circuit. *See Cummins, Inc. v. TAS Distrib. Co.*, 700 F.3d 1329, 1334–35 (Fed. Cir. 2012). "The Seventh Circuit reviews a district court's grant of summary judgment *de novo*." *Id.* at 1335 (citing *Staats v. Cnty. of Sawyer*, 220 F.3d 511, 514 (7th Cir. 2000)). "Summary judgment will be affirmed only if [the movant] is entitled to prevail as a matter of law on the basis of the stipulated facts." *Broad. Music, Inc. v. Claire's Boutiques, Inc.*, 949 F.2d 1482, 1486 (7th Cir. 1991). We must draw any necessary fact inferences in favor of the nonmovant. *Id.*

## DISCUSSION

Fortress argues that the district court erred in (1) denying its partial summary judgment motion to correct inventorship under 35 U.S.C. § 256(b); and (2) granting DSI's motion for summary judgment of invalidity due to incorrect inventorship. *See* Open. Br. at 16–17. Before we address each argument in turn, we provide a short background on inventorship and 35 U.S.C. § 256.

## I

A patent must accurately name those who invented its claimed subject matter. *See* 35 U.S.C. §§ 115(a), 116(a); *Pannu v. Iolab Corp.*, 155 F.3d 1344, 1348–49 (Fed. Cir. 1998); *cf. Thaler v. Vidal*, 43 F.4th 1207, 1211 (Fed. Cir. 2022) ("The Patent Act also requires inventors . . . to submit an oath or declaration [with a patent application]." (citing 35 U.S.C. § 115(b)(2))). Failure to do so renders a patent invalid. *See Pannu*, 155 F.3d at 1349 ("[N]onjoinder of an actual inventor . . . render[s] a patent invalid.") (collecting cases).

Congress, however, affords a patentee who incorrectly listed inventors the opportunity to correct its patent by complying with the requirements of 35 U.S.C. § 256. *Id.* at 1350. Section 256 provides:

> (a) Correction.—Whenever through error a person is named in an issued patent as the inventor, or through error an inventor is not named in an issued patent, the Director may, on application of all the parties and assignees, with proof of the facts and such other requirements as may be imposed, issue a certificate correcting such error.

> (b) Patent Valid if Error Corrected.—The error of omitting inventors or naming persons who are not inventors shall not invalidate the patent in which such error occurred if it can be corrected as provided in this section. The court before which such matter is called in question may order correction of the patent on notice and hearing of all parties concerned and the Director shall issue a certificate accordingly.

We have described § 256 as a "savings provision" such that "[i]f a patentee demonstrates that inventorship can be corrected as provided for in [§] 256, a district court must order correction of the patent, thus saving it from being

rendered invalid." *Pannu*, 155 F.3d at 1350.  Section 256(b), however, does not automatically allow a court to order correction of a patent.  Rather, the court may only do so "on notice and hearing of all parties concerned." 35 U.S.C. § 256(b).

With this background in mind, we turn to the instant appeal and case of first impression,[3] which turns on whether Huang—an agreed-upon omitted coinventor—is a "party concerned" under § 256(b).

## II

We first address Fortress's argument that the district court erred in denying its partial summary judgment motion to correct inventorship under 35 U.S.C. § 256(b).[4] Specifically, Fortress contends that the district court erred in concluding that Huang was a "party concerned" under § 256(b) and therefore entitled to notice and an opportunity to be heard before the court could order any correction of inventorship.  *See* Open. Br. at 25–31; *Decision*, 748 F. Supp. 3d at 619–20.

We disagree.  Inventors occupy the central role in the patent process.  They are where it all begins, even if they eventually assign their interests to others, such as

---

[3] *See* Oral Arg. at 2:56–3:06, *available at* cafc.uscourts.gov/oral-arguments/24-2313_02062026.mp3 (Fortress's counsel agreeing this is a "case of first impression"); *id.* at 15:30–50 (DSI's counsel agreeing "there is no case on point" for these facts).

[4] Before the district court, Fortress conceded it could not utilize the process under 35 U.S.C. § 256(a) to add Huang as an inventor to the patents.  *Decision*, 748 F. Supp. 3d at 619.  We express no view on the basis for that concession, and Fortress does not contend it can satisfy § 256(a) now.  *See* Open. Br. at 3.

employers. Thus, their explicit references in the statutory framework cannot be taken lightly.

In *Chou v. University of Chicago*, where the question arose of an inventor's right to participate in a § 256(b) action even when she had no ownership rights in the patent at issue, we determined that a coinventor was a "party 'concerned,' . . . clearly within the purview of [§ 256(b)]." 254 F.3d 1347, 1357 (Fed. Cir. 2001). Huang, similarly, as an agreed-upon omitted coinventor, is thus a "party concerned" such that he must be given notice and opportunity for hearing prior to any correction of inventorship under § 256(b). *See id.*

Fortress concedes that it has been unable to contact Huang, let alone provide him with notice and an opportunity to be heard as required by the statute. *See Decision*, 748 F. Supp. 3d at 619–20; Open. Br. at 12 n.2. It argues that that inability to provide those protections should not deprive it of a valid patent. *See* Open. Br. at 25–30. But § 256(b) makes those procedural protections a prerequisite to relief, not a mere formality; because Fortress cannot satisfy the notice and hearing prerequisite of § 256(b), it cannot utilize that section to correct the patents.

Fortress's counterarguments are unpersuasive. Fortress first asks us to read a "party concerned" under § 256(b) through a "due process" lens, *i.e.*, a "party concerned" is one with an economic interest in the patent that may be adversely affected. Open. Br. at 25–28; *see* Oral Arg. at 6:04–6:10, 7:17–22. Fortress asserts that Huang is not a "party concerned" because adding him as a coinventor would benefit him, not adversely affect him. Open. Br. at 27. But Fortress's characterization of Huang's position is unsupported. Neither the parties, nor we, know for certain whether Huang would be adversely affected or would benefit by being listed as an inventor on the patent.

And more importantly, to conflate a "party concerned" with those with potentially adversely affected property interests would be to rewrite the language of the statute from "party concerned" to "those with an economic interest that may be adversely affected". That is something we cannot do. *See Newport News Shipbuilding & Dry Dock Co. v. Garrett*, 6 F.3d 1547, 1558 (Fed. Cir. 1993) ("This court is empowered to rewrite neither statutes nor regulations.") While the statute does not define a "party concerned," it does not follow that a coinventor of a patent is not a "party concerned" when it comes to adding or removing a coinventor. Inventorship carries legal, financial, and ownership consequences that an inventor has a right to contest. *See* 35 U.S.C. § 262 ("In the absence of any agreement to the contrary, each of the joint owners of a patent may make, use, offer to sell, or sell the patented invention within the United States, or import the patented invention into the United States, without the consent of and without accounting to the other owners."); *Ethicon, Inc. v. U.S. Surgical Corp.*, 135 F.3d 1456, 1465 (Fed. Cir. 1998) ("each [coinventor] presumptively owns a pro rata undivided interest in the entire patent").

Fortress next argues that Huang is not a "party concerned" because he would not have constitutional standing if he sought to name himself a coinventor. Open. Br. at 28–30. That argument fares no better. In *Chou*, we explained that constitutional standing and "party concerned" status under § 256(b) are distinct issues with different requirements. *See* 254 F.3d at 1357 ("Chou, as a party 'concerned,' is clearly within the purview of [§ 256(b)], but she must meet constitutional standing requirements in order to invoke it."). Fortress thus again asks us to improperly conflate "party concerned" with a different requirement; we again decline. *See Newport News*, 6 F.3d at 1558.

Finally, Fortress argues that the district court erred by "restrictively constru[ing] § 256(b) to avoid saving the

validity of the patents-in-suit," as district courts are to apply the subsection "broadly and permissively" due to its "savings provision" status. Open. Br. at 20–21. While Fortress is correct that § 256 has been characterized as a "savings provision," *Pannu*, 155 F.3d at 1350, we disagree with its argument. Section 256 is a "savings provision" only to the extent that its statutory requirements are met. The statute reads, "can be corrected as provided in this section." 35 U.S.C. § 256(b). As previously stated, because Fortress cannot satisfy the notice and hearing prerequisite of this section, this "savings provision" does not apply.

Accordingly, we affirm the district court's denial of Fortress's partial motion for summary judgment for inventorship correction under § 256(b).

## III

Next, we address Fortress's argument that the district court improperly granted summary judgment of invalidity due to incorrect inventorship. The district court, based on § 101, held that because Huang was not named on the patents, they were invalid. *Decision*, 748 F. Supp. 3d at 620–21.

The district court was correct in its invalidity conclusion. Invalidity for incorrect listing of inventors has a clear basis in the statute. Section 256(b) states that "[t]he *error of omitting inventors* or naming persons who are not inventors *shall not invalidate* the patent in which such error occurred if it can be corrected." (emphasis added). The necessary and opposite implication of § 256(b) is that a patent is invalid for the error of omitting inventors when that error cannot be corrected.

Fortress argues that only one true inventor need be identified on the patents. Reply Br. at 23. But adopting Fortress's position when a patent cannot be corrected under § 256 would render meaningless the "savings provision" that Fortress sought to rely on at summary

judgment. Section 256(b) saves patents from invalidity for the "error of omitting inventors." Fortress's position would mean that omission of an inventor, as long as one inventor is named, would not be an error at all. But "we must 'give effect, if possible, to every clause and word of a statute' and should avoid rendering any of the statutory text meaningless or as mere surplusage." *Sharp v. United States*, 580 F.3d 1234, 1238 (Fed. Cir. 2009) (quoting *Duncan v. Walker*, 533 U.S. 167, 174 (2001)). Because Fortress's position that only one inventor need be listed would render the statutory text meaningless, we decline to adopt it. *See id.*

Furthermore, and as stated above, our caselaw shows a historical basis for requiring a correct listing of inventors and that "nonjoinder of an actual inventor would render a patent invalid." *See Pannu*, 155 F.3d at 1349 (collecting cases).

Fortress's arguments to the contrary are unavailing. Fortress contends that because 35 U.S.C. § 101 uses permissive language—"[w]hoever invents . . . may obtain a patent thereof"—only one inventor need be listed. *See* Open. Br. at 44. We disagree. In the context of joint invention, "[t]he term 'inventor' means . . . *the individuals collectively* who invented or discovered the subject matter of the invention." 35 U.S.C. § 100(f) (emphasis added). Thus, § 101 and § 100(f), when read together with § 256(b), contemplate that when an invention has multiple inventors, they must all be listed on the patent. "Whoever" does not mean less than all.

Fortress next argues that the repeal of section 102(f) supports its view that joinder of all inventors is not necessary for validity. *See* Open. Br. at 44. We again disagree. Section 102(f), repealed after the enactment of the America Invents Act, stated that "[a] person shall be entitled to a patent unless he did not himself invent the subject matter sought to be patented." But that provision

simply stated that non-inventors are not entitled to a patent, not that actual inventors need not be named on a patent. Courts have long held, even prior to the enactment of § 102(f), that nonjoinder of an inventor invalidates a patent. *See Pannu*, 155 F.3d at 1349 (collecting cases). The relevant legislative history further illuminates that "[§ 102(f)] merely emphasize[d] that it is the inventor that applies for the patent." *Id.* (quoting S. Rep. No. 82-1979, at 5 (1952) (Conf. Rep.), *reprinted in* 1952 U.S.C.C.A.N. 2394, 2395). Thus, the repeal of § 102(f) did not eliminate invalidity due to incorrect listing of inventors.

Accordingly, we hold that a patent which incorrectly lists its inventor(s) and cannot be corrected according to law is invalid. Because it is undisputed that Huang is a coinventor, *see Decision*, 748 F. Supp. 3d at 619, the patents suffer from the error of an omitted inventor. And because Fortress could not correct the patents under § 256, the patents are therefore invalid due to an omitted inventor. We thus affirm the district court's grant of DSI's motion for summary judgment of invalidity.

## CONCLUSION

We have considered the remainder of Fortress's arguments but find them unpersuasive. For the foregoing reasons, we affirm the summary judgment decision of the district court.

## AFFIRMED